John **EVERSOLE**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 39A04–0701–CR–29.

Court of Appeals of Indiana.

Sept. 27, 2007.

---

George A. Leininger, Madison, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, John Eversole (Eversole), appeals his conviction for voluntary manslaughter, a Class A felony, Ind.Code § 35–42–1–3.

We affirm.

### ISSUES

Eversole raises two issues on appeal, which we restate as the following single issue: Whether the trial court appropriately sentenced him.

### FACTS AND PROCEDURAL HISTORY

On June 15, 2006, Eversole separated from his wife, F.E., and moved out of their shared residence. On June 18, 2006, Eversole returned to the residence. F.E. arrived home with Don Hamelman (Hamelman), a co-worker, with whom she was

involved romantically. Eversole and F.E. briefly spoke, and F.E. indicated she was not interested in salvaging their marriage. Eversole then shot Hamelman, who was standing ten to fifteen feet away. Hamelman died as a result of a single gunshot, which pierced his spinal cord and aorta.

On June 19, 2006, the State filed an Information charging Eversole with murder, I.C. § 35–42–1–1(1). On August 16, 2006, the State filed an amended Information charging Eversole with voluntary manslaughter, I.C. § 35–42–1–3, and murder, I.C. § 35–42–1–1. On November 21, 2006, the State and Eversole entered into an agreement whereby Eversole agreed to plead guilty to voluntary manslaughter, a Class A felony, and in exchange, the State agreed to dismiss the charge of murder. On December 20, 2006, the trial court accepted the plea agreement and sentenced Eversole to thirty years imprisonment.

Eversole now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Eversole contends the trial court abused its discretion in sentencing him. Specifically, Eversole argues the trial court did not properly balance the aggravating circumstances against the mitigating circumstances in his case. In addition, Eversole asserts his sentence is inappropriate in light of the nature of the offense and his character.

■■■ "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Payne v. State*, 854 N.E.2d 7, 13 (Ind.Ct.App.2006). Fur-

ther, a trial court may impose any sentence within the statutory range without regard to the existence of aggravating or mitigating circumstances. *Anglemyer*, 868 N.E.2d at 489. However, to perform our function of reviewing the trial court's sentencing discretion, "we must be told of [its] reasons for imposing the sentence.... This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions." *Id.* at 490 (quoting *Page v. State*, 424 N.E.2d 1021, 1023 (Ind.1981)). Such facts must have support in the record. *Anglemyer*, 868 N.E.2d at 490.

■■■ Accordingly, where the trial court has entered a reasonably detailed sentencing statement explaining its reasons for a given sentence that is supported by the record, we may only review the sentence through Appellate Rule 7(B). *Id.* at 491. This rule provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we] find that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B).

■■■ In the present case, Eversole was convicted of voluntary manslaughter, a Class A felony, carrying an advisory sentence of thirty years, a minimum sentence of twenty years, and a maximum sentence of fifty years. *See* I.C. § 35–50–2–4. Our review of the record indicates that the trial court carefully considered all of the circumstances in Eversole's case before sentencing Eversole to the advisory term of thirty years. In its sentencing statement, the trial court found Eversole's lack of a criminal history as a significant mitigating factor. However, the trial court found this factor to balance equally with the following

aggravator: if Eversole was sentenced to less than the advisory term, the seriousness of the crime would be depreciated.[1] Therefore, because (1) the trial court explained its reasons for the sentence, and (2) the relative weight or value assigned to proper reasons given by the trial court and supported by the record for a sentence is not subject to our review, we may only review Eversole's sentence under Ind.App. R. 7(B) to determine whether his sentence was appropriate in light of the nature of the offense and his character. *See Anglemyer*, 868 N.E.2d at 491.

In reviewing the nature of the crime, there is little question Eversole's shooting of Hamelman was a crime of sudden heat, and a direct result of his inability to cope with his wife's affair with Hamelman.[2] However, the record also indicates that other than a brief conversation with F.E. and witnessing her lay her hand on Hamelman's shoulder, there was very little provocation to Eversole's violent reaction. Thus, it seems to us the nature of the crime was extreme under the circumstances.

In regard to Eversole's character, our review of the record reveals that he has no prior criminal history whatsoever and was generally known for being a hard-working family man. In fact, at the sentencing hearing the trial court commented it considered Eversole to be a "good and thoughtful person" with a "caring personality" up until he committed this crime. (Transcript p. 112). The record also dis-

closes that after Eversole shot Hamelman, he waited for authorities to arrive and apprehend him. He then proceeded to plead guilty to voluntary manslaughter, the charge "most supported by the evidence" in the trial court's opinion. (Tr. p. 113). Although a finding of aggravating and mitigating circumstances is no longer required by trial courts, we have previously held that "trial courts should be 'inherently aware of the fact that a guilty plea is a mitigating circumstance.'" *Anglemyer*, 868 N.E.2d at 489; *Primmer v. State*, 857 N.E.2d 11, 16 (Ind.Ct.App.2006), *trans. denied* (quoting *Francis v. State*, 817 N.E.2d 235, 237 n. 2 (Ind.2004)). Here, the record shows the trial court acknowledged Eversole's guilty plea at the sentencing hearing, but commented that the plea was somewhat "self-serving" and "tactical." (Tr. p. 113).

As a result of our review, we believe evidence of Eversole's good character, including his guilty plea, present an arguable case for a lesser sentence. However, at the same time, we find it difficult to ignore the serious nature of Eversole's offense— specifically, that his actions resulted in the death of another human being. Thus, ultimately, it is our opinion that the trial court arrived at an appropriate sentence after considering these factors. Additionally, we note the trial court followed the recommendation of Eversole's Probation Officer in sentencing him to the advisory sentence of thirty years. Accordingly, we conclude the trial court appropriately sentenced Eversole.

---

**1.** We note a finding that a lesser sentence would depreciate the seriousness of the crime has application only when the trial court is considering imposition of a sentence less than the advisory sentence. *See Burgess v. State*, 854 N.E.2d 35, 40–41 (Ind.Ct.App.2006). Here, the trial court made clear in its sentencing statement it was considering this factor in light of its option to sentence Eversole to a term of shorter duration than the advisory sentence.

**2.** The record indicates E.F.'s romantic relationship with Hamelman began before she separated from Eversole.

## CONCLUSION

Based on the foregoing, we conclude the trial court appropriately sentenced Eversole.

Affirmed.

SHARPNACK, J., and FRIEDLANDER, J., concur.