**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 13 2012, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 30A01-1108-CR-378 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Terry K. Snow, Judge
Cause No. 30D01-1011-FB-213

**March 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Michael Jones appeals his eighteen-year sentence with three years suspended to probation for scalding and permanently scarring the hands of his girlfriend's two-year-old daughter. Jones argues that the trial court erred in finding three of the five aggravators and his sentence is inappropriate in light of the nature of the offense and his character. Although the trial court found two improper aggravators, we can say with confidence that the court would have imposed the same sentence even without them. In addition, in light of the two-year-old's serious injuries and the fact that Jones had been recently released from probation for a prior neglect of a dependent conviction, he has failed to persuade us that his sentence is inappropriate. We therefore affirm the trial court.

**Facts and Procedural History**

On September 14, 2010, twenty-year-old Jones watched his then-girlfriend A.G.'s twenty-seven-month-old daughter, B.C., in Greenfield, Indiana, while A.G. ran some errands. At some point, Jones called A.G. to tell her that B.C.'s hands were "messed up" and that she needed to come home. Appellant's App. p. 11. When A.G. arrived, she found the skin coming off of B.C.'s hands. *Id.* Jones explained that he had attempted to wash ink from B.C.'s hands, but the water was too hot. *Id.* B.C. was taken to Riley Hospital for Children. B.C. suffered second- and third-degree burns to the backs of her hands, required a skin graft using skin from her leg and thigh, and has permanent scarring. According to a doctor at Riley, B.C.'s burns were not accidental but rather were intentionally inflicted.

About two and one-half months after the incident, the State charged Jones with Class B felony battery, Class B felony neglect of a dependent, and Class A misdemeanor intimidation (relating to A.G.). Thereafter, Jones and the State entered into a plea agreement whereby Jones would plead guilty to Class B felony neglect of a dependent, the State would dismiss the remaining charges, and both sides would argue sentencing. *Id.* at 79. The trial court accepted the plea agreement.

At sentencing, evidence was presented concerning B.C.'s burns, skin graft, permanent scarring, and need for future surgery. Evidence was also presented that Jones had a prior conviction for neglect of a dependent. That is, in 2008 Jones was convicted, in the very same court, of Class D felony neglect of a dependent. He was sentenced to eighteen months, which was suspended to probation, and had his conviction reduced to a Class A misdemeanor. Notably, Jones committed this offense "in a matter of months" after being released from probation for his previous neglect of a dependent conviction. Tr. p. 29. Jones was also arrested in Marion County for Class B misdemeanor disorderly conduct after the offense in this case but before charges were filed. The State requested a sentence of eighteen years, all executed. Defense counsel conceded that the event was "tragic" and the photographs of B.C.'s injuries and scarring were "heart wrenching," but he argued that Jones had a poor upbringing himself. *Id.* at 29-30, 31. Defense counsel asked for the presumptive sentence of ten years, with four years suspended to probation. *Id.* at 33. Jones then testified that he was "truly sorry for th[e] horrible crime," took "full responsibility," and "couldn't tell you a reason why [he] did this." *Id.* at 34, 35. Jones also requested anger management classes.

The trial court sentenced Jones to eighteen years with three years suspended to probation. The trial court orally explained its sentence as follows:

> Court finds the following aggravators:
> 1. Defendant having previous criminal (inaudible) activity.
> 2. That he is in need of rehabilitative treatment and this [can] be provided by commitment to a penal facility.
> 3. In you (inaudible) appreciate the seriousness of the crime.
> 4. Victim of the crime was less than 12 years of age. And finally, the Defendant was in a position of trust – however, position of trust is, only in this case because it was neglect of a depend[e]nt. The Court finds the mitigating factors to be, the Court commends admitting and accept[ing] responsibility for the crime. Court finds that the aggravators outweigh the mitigators. Quite honestly, I do – I'm making myself notes here, jockeying back and forth, for what the appropriate sentence in this case was. It appears that, in fact, you have a track record – the injury, abuse and neglect of a child that has been in his care. You seem – the Court's consideration the last time around when you received alternate A Misdemeanor sentencing. I have accepted in being probation, so that (inaudible), but not only was the child less than 12, she was two years old which is substantially less than 12. Never have to (inaudible) statute for that but that's something that has [to] be considered.

*Id.* at 36-37.

Jones now appeals his sentence.

## Discussion and Decision

Jones raises two issues on appeal. First, he contends that the trial court erred in finding three aggravators. Second, he contends that his sentence is inappropriate in light of the nature of the offense and his character.

## I. Abuse of Discretion

The trial court found five aggravators, and Jones contends that three are them are improper. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218

(Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491. If a trial court abuses its discretion, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

Jones first argues that the trial court erred in finding as an aggravator that he is in need of rehabilitative treatment that is best provided by a penal facility because the court failed to explain "why" he needs such treatment. Appellant's Br. p. 4. To the contrary, the trial court clearly explained that Jones had a "track record" of abusing and neglecting children in his care and had already received the benefit of Class A misdemeanor

5

sentencing for neglect of a dependent. Accordingly, the trial court did not abuse its discretion in finding this aggravator.

Jones next argues that the trial court erred in finding the third aggravator, "In you (inaudible) appreciate the seriousness of the crime." Although it is unclear from the transcript of the sentencing hearing, Jones believes that the trial court found that a lesser sentence would depreciate the seriousness of the crime, Appellant's Br. p. 4 n.2, while the State believes that the trial court meant to say Jones's "inability to appreciate the seriousness of the offense." Appellee's Br. p. 5 n.1. We note that neither party, however, submitted statements of evidence pursuant to Appellate Rule 31 or asked for a correction or modification of the transcript pursuant to Appellate Rule 32.

In any event, we give Jones the benefit of the doubt and proceed as if the trial court found that the imposition of a lesser sentence would depreciate the seriousness of the offense. A trial court's statement that the imposition of a reduced sentence would depreciate the seriousness of the offense as an aggravating circumstance is generally improper where the record does not suggest that a term less than the advisory sentence is being considered. *See Jones v. State*, 780 N.E.2d 373, 380 (Ind. 2002); *Eversole v. State*, 873 N.E.2d 1111, 1114 n.1 (Ind. Ct. App. 2007) ("We note a finding that a lesser sentence would depreciate the seriousness of the crime has application only when the trial court is considering imposition of a sentence less than the advisory sentence."), *trans. denied*.[1] Here, although Jones requested the advisory sentence (with some of the time

---

[1] We note, however, that our Supreme Court has held that "it is not error to enhance a sentence based upon the aggravating circumstance that a sentence *less than the enhanced term* would depreciate the seriousness of the crime committed." *Mathews v. State*, 849 N.E.2d 578, 590 (Ind. 2006) (emphasis

6

suspended to probation), there is no indication that the trial court was considering a term less than the advisory. Accordingly, if the trial court found this aggravator, it abused its discretion in doing so.

Finally, Jones argues that the trial court erred in finding as an aggravator that he was in a position of trust because it is an element of neglect of a dependent. "[H]aving the care of a dependent, whether assumed voluntarily or because of a legal obligation," is an element of neglect of a dependent. Ind. Code § 35-46-1-4. Generally, a trial court may not use a material element of a crime as an aggravating circumstance. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). Nevertheless, this Court has affirmed a trial court's finding of the position-of-trust aggravator in a neglect of a dependent case. *See Robinson v. State*, 894 N.E.2d 1038, 1042-43 (Ind. Ct. App. 2008). In *Robinson*, we found that the trial court "did not merely rely on an element of the crime" as an aggravator but rather considered the particularized circumstances of the crime. *Id.* at 1043. That is, the trial court found that the defendant was in a position of care over a completely defenseless and vulnerable newborn. *Id.*

Here, however, the trial court used position of trust and having the care of a dependent as one in the same. The trial court stated, "And finally, the Defendant was in a position of trust – however, position of trust is, only in this case because it was neglect of a depend[e]nt." Because of this singular treatment, the trial court abused its discretion in finding Jones's position of trust as an aggravator.

---

added). But given the state of this record, we do not know what the trial court actually found to be aggravating.

In sum, we find that the trial court found three proper aggravators – Jones's criminal history, his need for rehabilitative treatment in a penal facility, and B.C. was substantially less than twelve years old – and two improper aggravators. Given the nature of twenty-seven-month old B.C.'s injuries and the fact that Jones had recently been released from probation for neglect of a dependent, we can say with confidence that the trial court would have imposed the same sentence regardless of the two improper aggravators.

## II. Inappropriate Sentence

Jones also contends that his sentence is inappropriate in light of the nature of the offense and his character. Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule

7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

A person who commits a Class B felony shall be imprisoned for a fixed term between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5. Here, the trial court sentenced Jones to eighteen years and suspended three of them to probation.

The nature of the offense is horrendous. Jones, who by his own admission took care of twenty-seven-month-old B.C. "every day for 10 months," scalded B.C.'s hands with hot water for no reason. Tr. p. 34, 35. B.C. sustained second- and third-degree burns, stayed in Riley Hospital for at least twelve days, underwent painful and frequent bandage changes and special baths which required drugs to keep her calm, and had a skin graft using skin from her leg and thigh. The result of Jones's actions is that B.C. has permanent scarring, faces an additional surgery, and is self-conscious about her "boo-boos." *Id.* at 23. The pictures included in the record on appeal speak a thousand words.

Jones's character does not fare much better. Jones was twenty years old at the time of this offense and had recently been released from probation for a prior neglect of a dependent conviction. For the earlier offense, Jones received the benefit of alternate Class A misdemeanor sentencing and probation. Even though Jones pled guilty in this case and accepted responsibility for his actions, he has utterly failed to demonstrate that

he is deserving of the leniency he requests.[2]   Accordingly, we conclude that Jones's eighteen-year sentence with three years suspended to probation is not inappropriate.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.

---

[2] We note that Jones erroneously argues on appeal that his character "does not support the trial court's imposition of the maximum eight-year sentence for Class C felony conviction."  Appellant's Br. p. 6.

10