## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 27 2018, 6:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jerry T. Drook | Curtis T. Hill, Jr. |
| Marion, Indiana | Attorney General of Indiana |
| | Caroline G. Templeton |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lloyd Brown, Jr. | September 27, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-469 |
| v. | Appeal from the Grant Superior Court |
| State of Indiana, | The Honorable Jeffrey D. Todd, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 27D01-1610-F5-133 27D01-1610-F5-128 27D01-1710-F6-557 |

**Pyle, Judge.**

## Statement of the Case

Lloyd Brown, Jr. ("Brown") appeals his aggregate ten-year executed sentence, following his guilty plea, under three separate cause numbers, to the following offenses: (1) Level 5 felony intimidation where defendant draws or uses a deadly weapon;[1] (2) Level 5 felony criminal confinement;[2] (3) Level 6 felony battery resulting in moderate bodily injury;[3] (4) Level 6 felony domestic battery;[4] (5) Level 6 felony criminal confinement;[5] and (6) Class A misdemeanor invasion of privacy.[6] Brown argues that: (1) the trial court abused its discretion in its determination of mitigating circumstances; and (2) his sentence is inappropriate. Finding no error, we affirm the sentence imposed by the trial court.

We affirm.

## Issues

1. Whether the trial court abused its discretion in its determination of mitigating circumstances.
2. Whether Brown's sentence is inappropriate.

---

[1] IND. CODE § 35-45-2-1.

[2] I.C. § 35-42-3-3.

[3] I.C. § 35-42-2-1.3.

[4] I.C. § 35-42-2-1.3.

[5] I.C. § 35-42-3-3.

[6] I.C. § 35-46-1-15.1.

# Facts

On October 1, 2016, Brown, while armed with a machete, went to Theresa Riley's ("Riley") house demanding to know where his girlfriend, Kelly Davis ("Davis"), was. Eric Kirkland ("Kirkland"), who lived in the home with Riley, came outside when he heard yelling, and Brown threatened to chop him up with the machete. Police later went to Brown's house and executed a search warrant and located the machete used to threaten Kirkland. The State charged Brown in cause number 27D01-1610-F5-133 ("F5-133") with two counts of Level 5 felony intimidation and alleged that he was an habitual offender.

Two weeks later, Brown confined and struck Davis, which resulted in substantial pain, multiple bruises, abrasions, and a bloody nose. The State charged him with: (1) Level 5 felony criminal confinement; (2) Level 6 felony battery resulting in moderate bodily injury; and (3) Class A misdemeanor intimidation in cause number 27D01-1610-F5-128 ("F5-128"). The State also alleged that he was an habitual offender.

One year later, in October 2017, while on pre-trial release from F5-133 and F5-128, Brown confronted Davis, and in so doing, violated the no contact order from F5-128. Brown grabbed Davis, slammed her head into a dryer, and hit her. The State charged him with: (1) Level 6 felony domestic battery; (2) Level 6 felony criminal confinement; and (3) Class A misdemeanor invasion of privacy in cause number 27D01-1710-F6-557 ("F6-557"). The State again filed an habitual offender enhancement.

[6]     At a pre-trial hearing in January 2018, Brown, who was representing himself, reached a plea agreement with the deputy prosecutor.  The plea agreement called for Brown to plead guilty to offenses in F5-133, F5-128, and F6-557.  In exchange, the State agreed to dismiss the habitual offender enhancements filed in each case.  The State also dismissed count two in F5-133 and count three in F5-128.  Brown pled guilty to the remaining charges and the habitual enhancements were dismissed pursuant to the agreement.  Sentencing was left open to the court.

[7]     Subsequently, at Brown's sentencing hearing, the presentence investigation report ("PSI") revealed that Brown, who was sixty-seven years old at the time of sentencing, had an extensive criminal history.  Brown had several convictions, including eleven misdemeanor convictions and five felony convictions.  Of those convictions, eight were for battery, including two for battery by means of a deadly weapon in 1996 and 2004.

[8]     During the sentencing hearing, Brown addressed the court regarding his health and the following exchange took place:

> [Brown]:  Well, okay.  When me and the prosecutor talked, she told me to talk to you about a- on the probation- informal, and, also- and I wanted to say that, uh, I'm under doctor's care.
>
> The Court:  You want a what?
>
> [Brown]:  I'm under doctor's care.
>
> The Court:  You're under doctor's care. Okay.
>
> [Brown]:  Yeah.  And see that stuff- he didn't put in this here and I'm blind in one eye and I got (inaudible).  And I'm supposed to

> do something- you put me on some of that to help get me- so I can get my health back. Do you understand what I'm saying?
>
> The Court: M'hmmm.

(Tr. 35-36). Additionally, the PSI revealed that Brown suffers from high blood pressure and another blood disorder. He also stated in the PSI that "I will not tell them (jail) anything about my health." (App. Vol. 3 at 15). Brown also offered this apology during the hearing:

> And, uh, if it makes [the prosecutor] feel better, I mean, I can't say it to the victim 'cause [sic] they're not here, but anything I did, I'm sorry. I guess I'll just be tellin' him I'm sorry 'cause [sic] I can't tell it to the victims. They're not here for me to apologize.

(Tr. 39).

[9] The trial court discussed aggravating and mitigating circumstances as it imposed its sentence. It found Brown's criminal history to be an aggravating circumstance, giving it "great weight." (Tr. 42). In mitigation, the trial court found Brown's guilty plea to be a mitigating circumstance but stated that it gave it "very little weight." (Tr. 43). The court explained that Brown received "a benefit by pleading guilty in that the habitual offender enhancements were dismissed." (Tr. 43). The trial court determined that "the aggravating circumstance in this case greatly outweighs the mitigating circumstance." (Tr. 43).

[10] Under F5-133, the trial court imposed a five (5) year sentence for Brown's Level 5 felony intimidation conviction. Under F5-128, the trial court imposed a five (5) year sentence for Brown's Level 5 felony criminal confinement conviction

and a two (2) year sentence for his Level 6 felony battery resulting in moderate bodily injury conviction, and it ordered these sentences to be served concurrent with each other. Finally, under F6-557, the trial court imposed a two (2) year sentence for Brown's Level 6 felony domestic battery conviction, a two (2) year sentence for his Level 6 felony criminal confinement conviction, and a one (1) year sentence for his Class A misdemeanor invasion of privacy conviction. The trial court ordered the sentences in F6-557 to be served concurrently with each other and then suspended the entire sentence to be served on probation. The trial court ordered the sentences for F5-133, F5-128, and F6-557 to be served consecutively, resulting in an aggregate sentence of twelve (12) years, with ten (10) years executed and two (2) years suspended to probation. Brown now appeals.

# Decision

[11] On appeal, Brown contends that: (1) the trial court abused its discretion in its determination of mitigating circumstances; and (2) his sentence is inappropriate. We will review each argument in turn.

## 1. Abuse of Discretion

[12] Brown contends that the trial court abused its discretion by failing to recognize certain mitigating circumstances. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*.

An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490–91.

[13] Brown argues that the trial court abused its discretion by failing to consider his remorse and health issues as mitigating circumstances. To establish that the trial court abused its discretion in this regard, the defendant must demonstrate that the mitigating evidence is both significant and clearly supported by the record. *McElfresh v. State,* 51 N.E.3d 103, 112 (Ind. 2016).

[14] Our appellate rules require that each contention made in the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning." Ind. Appellate Rule 46(A)(8)(a). This means that an appellant's argument section "must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on." *Id.* Brown, however, failed to satisfy Indiana Appellate Rule 46's requirement of providing a cogent argument, thereby hindering our review and resulting in waiver of appellate review of his arguments. *See Foutch v. State,* 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016)

(waiving a defendant's sentencing argument where he failed to provide a cogent argument).

[15] Waiver notwithstanding, we disagree with Brown's contention that the trial court abused its discretion by not including his remorse as a mitigating circumstance. "[O]ur review of a trial court's determination of a defendant's remorse is similar to our review of credibility judgments: without evidence of some impermissible consideration by the trial court, we accept its determination." *Hape v. State*, 903 N.E.2d 977, 1002-03 (Ind. Ct. App. 2009), *trans. denied*. "The trial court, which has the ability to directly observe the defendant and listen to the tenor of his or her voice, is in the best position to determine whether the remorse is genuine." *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004). Here, Brown's apology during the sentencing hearing was made to "make [the prosecutor] feel better." (Tr. 39). Brown has not demonstrated that his remorse is both significant and clearly supported by the record. Accordingly, the trial court did not abuse its discretion by declining to find Brown's remorse as a mitigating circumstance.

[16] We also disagree with Brown's contention that the trial court erred in failing to consider his health issues to be a mitigating circumstance.[7] As noted above, the PSI revealed Brown suffered from high blood pressure and another blood

---

[7] Brown also asserts that his advanced age should be considered as a health issue. Because Brown did not clearly advance his age as a mitigating factor, the trial court did not abuse its discretion by failing to consider it. *See Robinson v. State*, 894 N.E.2d 1038, 1043 (Ind. Ct. App. 2008).

disorder and he refused to tell the jail anything about his health. He also informed the court that he is blind in one eye and under doctor's care. The court acknowledged that he was under doctor's care but did not consider this to be a mitigating circumstance. Brown also did not present evidence showing that he would be unable to receive adequate medical care while incarcerated. *See Henderson v. State*, 848 N.E.2d 341, 345 (Ind. Ct. App. 2006) (finding that the trial court did not err in not considering defendant's poor health when the defendant presented no evidence that conditions would be untreatable during incarceration). Thus, Brown failed to show that his health issues were both significant and clearly supported by the record. The trial court did not abuse its discretion in declining to consider Brown's health issues to be a mitigating circumstance.

**2. Inappropriate Sentence**

[17] Brown contends that his sentence is inappropriate in light of the nature of the offenses and his character. This Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). "The 7(B) 'appropriateness' inquiry is a discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied.* "On appeal, though, we conduct that review with substantial deference and give due consideration to the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct sentence." *Id.* at 1292 (internal

quotation marks, internal bracket, and citations omitted). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[18] "'[R]egarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed.'" *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016) (quoting *Anglemyer*, 868 N.E.2d at 494). Here, Brown was convicted of three Level 6 felonies, two Level 5 felonies, and one Class A misdemeanor. The sentencing range for a Level 6 felony is "for a fixed term of between six (6) months and two and one half (2 ½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7(b). The sentencing range for a Level 5 felony is "for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." I.C. § 35-50-2-6(b). For a Class A misdemeanor, a person can be imprisoned for a "fixed term of not more than one (1) year[.]" I.C. § 35-50-3-2. The trial court sentenced Brown to a five (5) year sentence for each of his Level 5 felony convictions, a two (2) year sentence for each of his Level 6 felony convictions, and a one (1) year sentence for his Class A misdemeanor conviction, resulting in an aggregate sentence of twelve (12) years, with ten (10) years executed and two (2) years suspended to probation.

[19] Brown argues that the nature of the offenses does not support consecutive five (5) year sentences. The nature of Brown's offenses involve him being armed with a machete threatening to "chop [Kirkland] up." (Tr. 18). About two weeks later, Brown attacked Davis, confined her, and punched her in the face, which resulted in injuries. Finally, while on pre-trial release, Brown again harmed Davis by slamming her head into a dryer and confining her. We recognize that our supreme court has explained that "[w]hether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences if for no other reason than to preserve potential deterrence of subsequent offenses." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). It has also explained that "additional criminal activity directed to the same victim should not be free of consequences." *Id*. Here, Brown committed multiple crimes under three separate cause numbers. There were two victims and one of the victims, Davis, was victimized twice. Taken together, this underscores the severity of the nature of Brown's crimes.

[20] When considering the character-of-the-offender prong of our inquiry, one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a defendant's prior criminal history will vary "based on the gravity, nature and number of prior offense as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008) (internal quotation marks and citation omitted).

[21] Indeed, the most glaring aspect of Brown's character is his extensive criminal history. He concedes that he has a lengthy criminal history but asks that we

recognize that his criminal history was "clean for several years prior to 2016." (Brown's Br. 16). This argument is unpersuasive. With his criminal history in mind, we cannot say that his apparent ability to follow the law for a gap in time is sufficient to render his aggregate ten-year executed sentence for crimes committed fifteen days apart as inappropriate. Brown's criminal history dates back to 1969. His history includes eleven misdemeanor convictions and five felony convictions, with eight of those convictions being battery convictions. Additionally, Brown's history includes parole and probation violations. The prior offenses are identical to the present offenses in that Brown is still intent on inflicting fear and violence on those with whom he has conflicts. Brown's offenses are part of pattern of disregarding the criminal laws of Indiana with violent conduct, which reflects negatively on his character.

[22] Brown has not persuaded us that the trial court abused its discretion and that his aggregate ten-year executed sentence is inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[23] Affirmed.

Najam, J., and Crone, J., concur.