## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2019, 10:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fernando Pedroza, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 28, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2237 <br><br> Appeal from the Shelby Superior Court <br><br> The Honorable Chris Monroe, Senior Judge <br><br> Trial Court Cause No. <br> 73D01-1412-FA-23 |

**Crone, Judge.**

# Case Summary

[1] Fernando Pedroza appeals the fifty-year sentence imposed by the trial court following his guilty plea to class A felony burglary and class B felony robbery. He contends that the trial court abused its discretion during sentencing and that his sentence is inappropriate in light of the nature of the offenses and his character. Finding no abuse of discretion and that he has not met his burden to show that his sentence is inappropriate, we affirm.

# Facts and Procedural History

[2] On January 17, 2013, Pedroza and another man entered Nick and Dara Chesser's Shelby County home wearing stocking caps on their heads and bandanas over their faces. The men entered the home without permission, apparently through the garage after Dara had left for work. The men entered the room that Nick was in, and one of them struck Nick with a pistol. The two men tied Nick up, and as one of them searched the house for money and property, the other stayed in the room with Nick and repeatedly beat him. Nick was concerned for his infant daughter, who was crying from a crib in another room. The men took several pairs of expensive tennis shoes, firearms, electronics, and Nick's cell phone. Before leaving, they threatened to kill Nick and his family if he called police. Surveillance video later obtained by law enforcement showed Pedroza and an accomplice exit a black Grand Am vehicle and walk toward the Chesser home.

[3] On January 28, 2013, police responded to a home invasion in Indianapolis. Five males were hiding in the basement when police arrived. Firearms that were stolen from the Chesser residence were found in the basement where the males were hiding. One of the five males was Pedroza. A black Grand Am vehicle was located and confirmed to be the same vehicle used in the Chesser home invasion. After Pedroza's arrest in Indianapolis, officers overheard a phone conversation during which he told his cousin to sell "all of those shoes." Appellant's App. Vol. 2 at 25. Several items stolen from the Chesser residence, including several pairs of shoes, were found during a subsequent search of the apartment where Pedroza and his cousin had been staying.

[4] The State charged Pedroza with class A felony burglary, class B felony robbery, and class D felony theft. Following numerous continuances, a jury trial began on May 22, 2018. However, on the second day of trial, Pedroza tendered a guilty plea to class A felony burglary and class B felony robbery. A sentencing hearing was held on August 17, 2018. The trial court sentenced Pedroza to fifty years for the class A felony and twenty years for the class B felony. The court ordered the sentences to run concurrently, for an aggregate executed sentence of fifty years. This appeal ensued.

# Discussion and Decision

## Section 1 – The trial court did not abuse its discretion during sentencing.

Sentencing decisions rest within the sound discretion of the trial court, and as long as a sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Robinson v. State*, 894 N.E.2d 1038, 1042 (Ind. Ct. App. 2008).

One way that a trial court may abuse its discretion is if the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration. *Anglemyer*, 868 N.E.2d at 491. The relative weight or value assignable to mitigators and aggravators is not subject to review for abuse of discretion. *Id*. The trial court is not obligated to accept the defendant's argument concerning what constitutes a mitigating factor. *Barker v. State*, 994 N.E.2d 306, 311 (Ind. Ct. App. 2013), *trans. denied* (2014). Moreover, if the trial court does not find the existence of a mitigator after it has been argued by counsel, the court is not obligated to explain why it found the circumstance not to be mitigating. *Anglemyer*, 868 N.E.2d at 493.

Pedroza contends that the trial court abused its discretion in failing to consider his young age and difficult childhood as mitigating factors. It is well settled that

a defendant's youth is not automatically a significant mitigating factor. *Smith v. State*, 872 N.E.2d 169, 178 (Ind. Ct. App. 2007), *trans. denied*. Here, the court specifically considered Pedroza's young age—he was twenty-one at the time of the offenses—and rejected it as a mitigating factor. Pedroza already had a significant and violent criminal history that indicated to the trial court that it was unlikely that he would "grow out of" his criminal propensities, and that his youth was not especially predictive of any future "positive behavior." Tr. Vol. 2 at 130, 134.

[8] As for Pedroza's difficult childhood, evidence of a difficult childhood generally "warrants little, if any, mitigating weight." *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000). Again, the trial court considered this proffered mitigator and rejected it, concluding that it was "no excuse for all of the harm that you caused to other people…[and the] consistent criminal behavior that you've engaged in." *Id*. at 133-34. Interestingly, despite proffering his difficult childhood as a mitigator, Pedroza himself described his childhood as "really good." Appellant's App. Vol. 2 at 191. Regardless, as stated above, the trial court is not obligated to accept the defendant's argument concerning what constitutes a mitigating factor. *Barker*, 994 N.E.2d at 311. Based on the evidence presented, the trial court did not abuse its discretion in not identifying Pedroza's age or his difficult childhood as mitigating factors.

## Section 2 – Pedroza has not met his burden to show that his sentence is inappropriate.

[9] Pedroza invites this Court to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). As we assess the nature of the offense and character of the offender, "we may look to any factors appearing in the record." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).

[10] The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. In conducting our review, we do not look to see "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). Ultimately, our review "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts,

or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225.

[11] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentence for a class A felony is between twenty and fifty years, with the advisory being thirty years. Ind. Code § 35-50-2-4(a). The sentence for a class B felony is between six and twenty years, with the advisory being ten years. Ind. Code § 35-50-2-5(a). The trial court here imposed maximum sentences of fifty years for the class A felony and twenty years for the class B felony. However, because the sentences were ordered served concurrently, the resulting fifty-year aggregate sentence is significantly below the maximum seventy-year sentence allowable by statute.

[12] Pedroza concedes that "the crimes he participated in were remarkable because they involved a home invasion, while a young child was home, where the homeowner got injured." Appellant's Br. at 11. Nevertheless, he argues that the fact that he burglarized a dwelling and caused injury to the homeowner already elevated his offense to a class A felony, which carried a higher sentencing range, and thus the imposition of the maximum sentence in that range was unwarranted. We disagree.

[13] The record shows that Pedroza's crimes were quite heinous. He burglarized a home while the homeowner and his infant child were present. He tied up the

homeowner, pistol-whipped him, and repeatedly beat him. He also threatened to kill the homeowner and his family. The crimes caused the family such psychological trauma, that they have been unable to return to the dwelling. Nothing about the nature of Pedroza's crimes warrants a sentence revision.

[14] Pedroza does not fare any better when his character is considered. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Pedroza's substantial criminal history casts an extremely negative light on his character. He was arrested numerous times as a juvenile and had at least one delinquency adjudication. By the time he was eighteen, he had been convicted of class B felony armed robbery and sentenced to prison time and probation. A mere seven months after his release from prison, he violated his probation and then was arrested and charged with burglary, six counts of armed robbery, and seven counts of criminal confinement. He was convicted of six of those felony counts. Moreover, despite pleading guilty to his current crimes, Pedroza continued to fail to fully take responsibility for his actions. During sentencing, he attempted to downplay the significance of his involvement in the crimes, trying to place blame on his confederates. The court also found his claimed remorse for his offenses and the victims wholly unconvincing.

[15] Under the circumstances, Pedroza has not met his burden to show that his aggregate fifty-year sentence, which is well below the maximum allowable by statute, is inappropriate in light of the nature of the offenses or his character. Therefore, we affirm the sentence imposed by the trial court.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.